**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco Medina CASTENEDA,**
**Defendant–Appellant.**

**No. 13–10125.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 18, 2013.*

Filed Feb. 18, 2014.

Richard J. Bender, Assistant U.S., US-SAC–Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

John Paul Balazs, Law Offices of John P. Balazs, Sacramento, CA, for Defendant–Appellant.

Before: HUG, FARRIS, and LEAVY, Circuit Judges.

## MEMORANDUM **

Francisco Medina Casteneda appeals from the district court's order denying his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Casteneda's sentence is within the modified Sentencing Guidelines range. However, he contends that he argued before the district court that the disparity between his sentence and the sentences of his co-conspirators warranted a sentence reduction under 18 U.S.C. § 3553(a)(6) and that the district court erred by failing to address that argument. Because Casteneda did not object below, we review for plain error. *See United States v. Dallman,* 533 F.3d 755, 761 (9th Cir.2008). Casteneda has not shown plain error affecting his substantial rights. *See id.; see also United States v. Carty,* 520 F.3d 984, 992–93, 995–96 (9th Cir.2008) (en banc). Casteneda's reliance on *United States v. Trujillo,* 713 F.3d 1003, 1008–10 n. 5 (9th Cir.2013), is misplaced because, unlike Casteneda, Trujillo raised extensive non-frivolous arguments tethered to specific § 3553(a) factors and received a sentence above the modified Guidelines range. In addition, Casteneda has not shown a reasonable probability that the sentence would have been different absent the alleged error. *See Dallman,* 533 F.3d at 761–62.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.